## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Preston Winkle | ) | *JURY TRIAL DEMANDED* |
|     Plaintiff, | ) | |
| | ) | |
|   -vs- | ) | Claim #:_____ |
| | ) | |
| Michael Gill, | ) | |
| and | ) | |
| Stevens Trucking Company, | ) | |
|     Defendants. | ) | |

## Complaint for Damages

Comes now the Plaintiff, Preston Winkle, represented by the undersigned counsel and sets forth the following:

1. Plaintiff, Preston Winkle (hereinafter "Plaintiff"), is a resident of Harrison County, in the State of Kentucky, and is a Citizen of the United States. Plaintiff is forty-eight (48) years old. He currently resides at 403 East Pleasant Street, Cynthiana, Kentucky 41031.

2. Defendant, Michael Gill (hereinafter "Driver" or collectively as "Defendants"), upon information and belief is the employee of named co-Defendant, Stevens Trucking Company. as an interstate transport and believes to have a permanent address for service is 6301 NW 83rd Street, Oklahoma City, Oklahoma 73132.

3. Defendant, Stevens Trucking Company (Hereinafter "Company" collectively as "Defendants), upon information and belief is a company with its principal place of business in the County of Oklahoma, State of Oklahoma. Upon the belief of

Plaintiff, Defendant currently operates from a physical address located at 6600

SW29th St. Oklahoma City, Oklahoma, 73179.

## JURISDICTION and VENUE

4. The events occurred in Fayette County, State of Illinois.  As the events occurred

    in Fayette County, the Courts of the United States District Courts for the Southern

    District Illinois are proper venues to hear this dispute.

5. There is complete diversity of citizenship in this matter, as required by 28 USC §

    1332(a).

6. The amount in controversy between the parties is in excess of the minimum

    jurisdictional amount in controversy, pursuant to 28 USC § 1332(b).

7. Therefore, the Courts of the Southern District are a court of competent

    jurisdiction to hear this matter.

## FACTS COMMON to ALL PARTIES

8. On the early morning of September 11, 2019, between 5-5:30 a.m., Plaintiff was

    on a mandatory 10-hour rest from driving his semi-tractor trailer at Pilot Truck

    Stop (Hereinafter **"Pilot"**) in Vandalia, IL.

9. Driver on or about the same time was pulling out of a parking spot near Plaintiff's

    truck at the Pilot, he struck Plaintiff's semi, and hooked his truck to Plaintiff's

    bumper.

10. Driver was operating a Kenworth T660 semi-tractor trailer, owned or leased by

    Company for the benefit of its business and while he was a "company driver" in

    the latter's employ.

11. Following the collision, Driver attempted to leave the scene, not knowing he had become entwined with the bumper of Plaintiff's truck.

12. Plaintiff had originally stood up to attempting dressing so that he could get information on the other driver before he was able to flee.

13. Driver continually revved his engine attempting to get his truck free from the reinforced bumper of Plaintiff's heavy-duty semi. Because of the reinforcements made to Plaintiff's, Driver was unable to dislodge his truck.

14. Plaintiff was tossed about in the cab of his truck while Defendant repeatedly—between six to eight times, approximately—suddenly accelerated trying to get his truck free from Plaintiff's.

15. From the violent shaking of the cab, Plaintiff suffered injuries to his back and right ankle.

16. Initially, both Plaintiff and his medical providers hoped this would be an injury from which he could make a full recovery.

17. However, Plaintiff has since been diagnosed with significant and irreversible injury that leaves him unemployable for any type of work as a truck driver.

18. Plaintiff was a specialty driver making over Two Hundred Thousand Dollars and No Cents ($200,000.00) a year at the time of the collision.

19. Plaintiff has been advised by medical staff and experts that he is only suited for clerical work for which he has no formal training or experience.

20. Plaintiff had no ability or clear chance to avoid the collision with Driver, after the latter failed to utilize caution as he departed the truck stop.

21. Plaintiff had no reason to believe that Driver would fail to acknowledge his presence at his attempt to move the latter's semi from its parking spot it within which it was located.

22. Following the collision, Defendant continued to attempt to separate the two vehicles without any due regard for preservation of property or concern for safety.

23. There was nothing the Plaintiff could have done to avoid the collision.

24. Driver's front and side view(s) were unobstructed, and the accident was not caused due to any visual obstructions to the Driver, other than those that would have come from his failing to observe a reasonable distance.

25. The incident is not in any way attributable to weather conditions at the time of impact.

26. Illinois State Police responded but the patrolman refused to write a report, because it was on private property.

27. The Plaintiff did suffer permanent and serious injury as a result of the incident.

## COUNT I: NEGLIGENT OPERATION OF A COMMERCIAL VEHICLE

28. Plaintiff restates and reaffirms paragraphs one (1) through twenty-seven (27) above, as if the same were wholly set out herein.

29. As a commercial motor vehicle operated by a company and driver conducting interstate commerce, Defendants are required to be compliant with the FMCSR in the operation of the commercial motor vehicle in question.  See. 49 CFR §§390.3(e)(1),(2).

30. As a commercial motor vehicle operating in Illinois at the time of the subject collision, Defendants were required to follow all applicable laws of Illinois,

otherwise known as the "Rules of the Road," 625 Ill. Comp. Stat. 5/11-100, et.

seq., to the extent the same is compatible with 49 CFR § 355, et. seq.

31. Driver had a duty to observe reasonable care, maneuver his vehicle in a safe

manner, and operate his vehicle according to the Rules of the Road under Illinois

law. 625 Illinois Compiled Statute 5/11-100, *et. seq*.

32. Driver also had a duty to keep and maintain a proper lookout when operating his

commercial motor vehicle at the time of the collision. <u>See</u>. <u>Guy v. Steurer</u>, 239

Ill. App. 3d 304, 606 N.E.2d 852 (1992)( a driver has a duty to keep proper

lookout, observe due care, and drive as prudent person would to avoid collision

when danger is discovered, or should have been discovered by exercise of

reasonable care.).

33. Moreover, as an operator with an Illinois CDL, Driver, was required to know the

standards of care and general skills for operation of a commercial motor vehicle,

as spelled out in the Illinois CDL Manual, as required under 625 Ill. Comp. Stat.

5/6-500, *et. seq*; 49 CFR Subt. B, Ch. III, Subch. B, Pt. 383, Subpt. G; e.g., Reed

v. Ace Doran Hauling & Rigging Co., No. 95 C 4082, 1997 WL 177840, at *8

(N.D. Ill. Apr. 7, 1997) (stating, even when the FMCSR is not applicable it still

demonstrates the necessary standard of care for a commercial vehicles operation).

34. All drivers of a commercial motor vehicles in Illinois are required to utilize the

skills and knowledge attained to become a commercial driver. <u>See</u>, 49 CFR Subt.

B, Ch. III, Subch. B, Pt. 383, Subpt. G; <u>Illinois Commercial Driver's License</u>

<u>Study Guide</u>, CDL 10.22, (January 2020); <u>See also</u>, <u>Oklahoma Commercial</u>

<u>Driver's License Study Guide</u>, AAMVA, (2005, 2014).

35. Driver always had a heightened duty to be mindful of hazards while operating his commercial motor vehicle.  See. Guy at Id; 49 CFR Subt. B, Ch. III, Subch. B, Pt. 383, Subpt. G; 625 Ill. Comp. Stat. 5/6-500, *et. seq*; 49 CFR Subt. B, Ch. III, Subch. B, Pt. 383, Subpt. G; e.g., Reed, *Supra*, at *8; CDL Study Guides.

36. Driver had a heightened duty to be mindful of hazards while operating Defendant's Kenworth semi.

37. Driver had a duty to visibly inspect his path to perform safe tight maneuvering of a commercial motor vehicle, know his space clearance if he came upon a hazard and, otherwise, maintain basic control of his vehicle.

38. Driver breached his duty to observe reasonable care, operate the commercial motor vehicle with performance of reasonable safety, keep and maintain a proper lookout, and operate his vehicle according to industry standards, Illinois law, and federal laws.

39. Driver made no attempt to act in a manner that would have prevented further injury or damage.  Rather, he accelerated multiple times in an attempt to free his vehicle at the risk of destroying another's property and/or personally injuring another.

40. Driver made no attempt to avoid the collision by properly utilizing his mirrors in order to see the side and rear to effectuate a tight maneuver.

41. Driver failed to "see" at least twelve to fifteen seconds ahead of him to avoid all collisions and hazards while in the operation of a commercial motor vehicle.

42. Driver failed to properly manage his space in performing the maneuvering of his commercial motor vehicle.

43. Driver failed to appreciate the obvious hazards around his semi while performing a tight maneuver.

44. Driver failed to maintain basic control of his commercial motor vehicle at the time of the initial collision.

45. Driver failed to act in a reasonable and safe manner following the initial collision.

46. Driver's conduct was the cause of the collision between the two vehicles.

47. Driver's conduct was the cause of the permanent and serious injuries to Plaintiff.

48. As a direct and proximate result of Driver's breach of duties, Plaintiff has incurred and continues to incur significant physical and emotional injuries.

49. As a direct and proximate cause of Driver's breach of duty Plaintiff has been in pain and permanent disability resulting from the Collision.

50. In an attempt to treat his injuries and lessen the pain, Plaintiff has sought the services of hospitals, physicians, medical technicians, and other medical personnel for treatment, medications, and other medical services thereby incurring medical expenses.

51. Plaintiff will require additional medical care and treatment in the future to treat the aforementioned injuries incurred as a direct and proximate result of this collision.

52. Plaintiff has incurred and will continue to incur significant financial loss as a direct and proximate result of this collision.

53. Defendant is responsible for his negligence, and Plaintiff seeks recovery for his loss and injury.

## COUNT II: RESPONDEAT SUPERIOR

54. Plaintiff restates and reaffirms paragraphs one (1) through fifty-three (53) above, as if the same were wholly set out herein.

55. To the extent that Defendant concedes that Driver was operating the semi-tractor-trailer within the scope of his employment, respondent superior provides the proper standard for a direct action against Company.

56. In the operation of the semi-tractor-trailer Company was the principal/master and Driver was the agent/servant in the hauling or return therefrom of chattel belonging to the Company.

57. Driver was acting within the scope of his employment and Company is vicariously liable for his negligence pursuant to the legal theory of respondeat superior.  Wilson v. Edward Hosp., 2012 IL 112898, ¶ 18, 981 N.E.2d 971, 978; Oliveira–Brooks v. Re/Max International, Inc., 372 Ill.App.3d 127, 134, 309 Ill.Dec. 889, 865 N.E.2d 252 (2007); Gilbert v. Sycamore Municipal Hospital, 156 Ill.2d 511, 525, 190 Ill.Dec. 758, 622 N.E.2d 788 (1993).

58. Company, under the theory of respondent superior is vicariously responsible for damages and loss resulting from a specific act of negligence committed by the Driver and/or other employees within the scope of his/her/their employment.

## PLAINTIFF'S REQUEST for RELIEF

59. Plaintiff requests that this court grant the Plaintiff's damages in an amount to be determined at jury trial for his injuries suffered as a result of Defendant's negligence and lack of care, as the Plaintiff did suffer:

a.      mental and physical pain and suffering both of a temporary and permanent nature all to his detriment, in a sum to be determined by a jury sitting in the trial of this matter;

b.      the power and ability to labor and earn has been temporarily and permanently impaired all to his detriment, in a sum to be determined by a jury sitting in the trial of this matter;

c.      the expenditure of sums of money for hospital, medical and other rehabilitation expenses, and will be caused to expend such sums of money in the future in an amount to be determined by a jury sitting in the trial of this matter;

d.      Pain and suffering that is said to include—but is not necessarily limited to—loss of his ability to lead and enjoy a normal life, physical pain and suffering, mental suffering, grief, anxiety, confusion about his symptoms, humiliation, and emotional distress all to his detriment, in a sum to be determined by a jury sitting in the trial of this matter; and,

e.      lost wages in addition to the above-mentioned loss of wage-earning capacity, all of which are either permanent or continuing in nature and the Plaintiff will sustain said losses in the future.

WHEREFORE, the Plaintiff, Preston Winkle, demands judgment against the Defendants, Stevens Trucking Company and Michael Gill, as follows:

A.      A trial by jury on all issues of facts herein;

B.      Compensatory damages against the Defendants in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

C.      For prejudgment interest from the date of the Plaintiff's injuries until such time the judgment is paid;

D.      For the Plaintiff's costs herein expended; and,

E.      For any and all other relief to which the Plaintiff is entitled.

Respectfully submitted,

Robert Thomas Garwood, Esq.          IN Atty: 32223-49
                                     IL Atty: 6320653
                                     KY Atty: 97001
                                     FL Atty: 1020705

**MORGAN & MORGAN**
20 NW 3rd Street, Suite 940
Evansville, Indiana 47708

Telephone:     (812) 850-6859
Facsimile:     (812) 850-6886
Email: rgarwood@forthepeople.com
*Attorney for Petitioner*

## AFFIDAVIT of PLAINTIFF

Preston Winkle, being duly sworn upon his oath, hereby certifies that the statements made in the foregoing documents are true and accurate to the best of his knowledge, information, belief, and now deposes and says as follows:

1.      I am a competent adult, and I have personal knowledge of the facts and recitations herein;

2.      Pursuant and consistent with the requirements of 28 USC 1332(b) I hereby now state my damages are well in excess of the minimum amount in controversy, i.e., $75,000.01;

3.      That an absolute diversity of citizenship between the Plaintiff and Defendants exists in this matter, and this court is therefore an appropriate venue for this matter;

4.      The statements herein contained are true to the best of my knowledge and belief;

5.      If sworn as a witness, I can testify competently as to the matters herein contained;

6.      I affirm under penalty of perjury that the foregoing is true.

**FURTHER AFFIANT SAYETH NOT.**