UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PRESTON WINKLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-00771-GCS |
| | ) |
| MICHAEL GILL and | ) |
| STEVENS TRUCKING COMPANY, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

**SISON, Magistrate Judge:**

This matter is before the Court on Defendants' December 23, 2020 motion to set aside entry of default. (Doc. 26). On November 23, 2020, the Clerk of the Court entered a Clerk's entry of default against Defendants. (Doc. 20).

Pursuant to Fed. R. Civ. Proc. 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-631 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *See Cracco*, 559 F.3d at 631.

Here, Defendants acted quickly to resolve the issue as counsel filed a motion to set aside the default 30 days after the Clerk's entry of default was filed. Counsel was retained

on December 21, 2020 and filed the motion to set aside two days later. (Doc. 26). Further, as noted in Defendants' motion, there appears to be some confusion regarding service as to these two Defendants. Moreover, in light of the nature of the case and the representations made by Defendants in their motion, there would appear to be meritorious defenses to both liability and damages. Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Defendants have met the requirements of Rule 55(c) and **GRANTS** the motion to set aside entry of default (Doc. 26) and **ALLOWS** Defendants up to and including January 11, 2021 to respond to the complaint. The Court **VACATES** the Clerk's November 23, 2020 entry of default (Doc. 20). Further, the Court **DENIES as moot** the motion for default judgment (Doc. 19) and **CANCELS** the evidentiary hearing set for January 20, 2021 at 1:00 p.m.

**IT IS SO ORDERED.**

Date:  January 4, 2021.

Digitally signed by Judge Sison 2
Date: 2021.01.04 12:55:42 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**